COURT OF APPEALS

SECOND DISTRICT OF TEXAS
FORT WORTH
                                          NOS. 2-05-049-CV
                                                 2-05-165-CV
  
 

  
IN THE INTEREST OF D.A.N. AND D.G.N., JR., 
MINOR CHILDREN
 

 
------------
 FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY
 ------------
 ORDER AND MEMORANDUM OPINION[1]
 ------------
        Appellant Dannie G. Neal has filed a notice of appeal complaining of (1)
the October 12, 2004 order of the district judge and (2) the December 16,
2004 recommendation of the associate judge.  To invoke this court’s
jurisdiction over his appeal from the October 12, 2004 order, Appellant was
required to file his notice of appeal by November 11, 2004; however, Appellant
did not file his notice of appeal until January 18, 2005, more than two months
after the filing deadline.  See Tex. R. App. P. 26.1.
        Because Appellant’s notice of appeal appeared untimely, we notified him
that we would dismiss this appeal unless he or any party desiring to continue
the appeal filed with the court a response showing grounds for continuing the
appeal.  See Tex. R. App. P. 42.3. Appellant responded that the October 12,
2004 order was not mailed to him until November 16, 2004, after the appellate
deadline had already passed.  Appellant argues that because the October 12,
2004 order resulted in the December 16, 2004 order, good cause exists for his
appeal to continue.
        Even if Appellant did not have notice of the trial court’s order until it was
mailed to him after the appellate deadline had already expired, he did not ask
the trial court for additional time to file his notice of appeal. See Tex. R. App.
P. 4.2; Tex. R. Civ. P. 306a.4-5.  In his response to this court’s notice,
Appellant does request this court to grant him an extension of time to file his
notice of appeal “out of time,” but we may extend the time to file a notice of
appeal only if a party files its notice of appeal within fifteen days after the
deadline and files a motion that reasonably explains the need for an extension.  
See Tex. R. App. P. 10.5(b)(1)(C), 26.3.  Once this fifteen-day period has
passed, a party can no longer invoke the appellate court’s jurisdiction.  See
Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).  Accordingly, Appellant
was required to file his notice of appeal by November 29, 2004 to timely imply
a request for an extension.  He did not file his notice of appeal until January 18,
2005.
        The times for filing a notice of appeal are jurisdictional in this court, and
absent a timely filed notice of appeal or extension request, we must dismiss the
appeal.  See Tex. R. App. P. 2, 25.1(b); Verburgt, 959 S.W.2d at 617.  Appellant’s notice of appeal was not timely as to the October 12, 2004 order,
and we cannot suspend operation of the appellate rules to alter the time for
perfecting an appeal in a civil case.  Tex. R. App. P. 2, 25.1(b).  Accordingly, we
order the portion of the appeal that seeks review of the district judge’s October
12, 2004 order severed from our cause number 2-05-049-CV and docketed
under cause number 2-05-165-CV.  We dismiss the appeal in cause number 2-05-165-CV for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).
 
     
                                                                  PER CURIAM
 

 

 PANEL D:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.
 DELIVERED: May 26, 2005

 
NOTES


1.  See Tex. R. App. P. 47.4.